## WELLS, FARGO & CO. v. SIMPSON NATIONAL BANK.

Decided November 9, 1898.

**1. Indorsor of Draft—Protest.**

Where protest is not required, the provision as to suit, which is a substitute for protest, does not apply.

**2. Same—Protest Not Required, When.**

The failure to protest a forged draft does not relieve an indorser from liability to a subsequent holder where the draft was in fact paid when presented, although the money was afterwards refunded upon the discovery of the forgery.

**3. Same—Ratification by Principal.**

A principal, by receiving money paid to an agent upon the latter's indorsement of a draft in the name of the former, ratifies the indorsement, and can not make an issue as to the agent's authority.

**4. Same—Indorsements Presumed Genuine.**

The indorsee of a draft owes no duty to his indorser to make any inquiry concerning the genuineness of a preceding indorsement, as such indorser is a guarantor of the validity of prior indorsements.

APPEAL from the County Court of Maverick. Tried below before Hon. J. A. BONNET.

*Winchester Kelso,* for appellant.

*James M. Goggin,* for appellee.

JAMES, CHIEF JUSTICE.—It appears that a draft drawn by M. P. Ayres & Co., bankers at Jacksonville, Ill., on the American Exchange

Bank of New York City, to the order of Henry Kopp, was mailed at Jacksonville to Henry Kopp in September, 1893, by Robert Vannier, addressed to some point, probably in Mexico. Kopp never received it. The draft was cashed (purchased) by the predecessor in business of the Simpson National Bank (S. P. Simpson & Co.) from W. J. Chapman, who was Wells, Fargo & Co.'s agent at Eagle Pass, on October 6, 1893. The draft was then indorsed "Pay to order of H. C. Brewster, Henry Kopp. H. C. Brewster, W. J. Chapman, Agt. Wells, Fargo & Co." S. P. Simpson & Co. indorsed it to its correspondent in New York for collection, and the latter presented it to the drawee and it was paid on October 11, 1893.

In September, 1896, Kopp returned to Jacksonville and found that the draft had been sent him, and he and Vannier went to the bank, saw the draft, and discovered the forgery. On February 26, 1897, Simpson's correspondent refunded the money to the drawee, and by authority charged Simpson & Co.'s account with the same. This action was brought on August 17, 1897, by the Simpson National Bank against Wells, Fargo & Co. to recover the amount of the draft, and it recovered a judgment for same with interest from September 6, 1896.

The first assignment of error complains of the sustaining of plaintiff's exception to that part of the answer presenting as a defense that no protest of the paper was had, and no suit brought in time to hold defendant as indorser. Where protest is not required, the provision as to suit, which is a substitute for protest, does not apply. Bank v. De Morse, 26 S. W. Rep., 417, and cases cited. Protest is contemplated in the event the paper is dishonored. In this case the draft was paid on presentation and some years passed before the vice was discovered, and we think the principles upon which protest rests do not apply here. There is some question whether or not, if the draft had not been paid when presented on account of the forged indorsement, it should have been protested with reference to defendants, and the necessity of protest in such case has been denied in this State. 2 W. & W. C. C., sec. 337. This disposes of the first, fifth, and sixth assignments.

The second and third assignments are without merit, for the reason that both Vannier and Kopp had testified without objection that they had made the affidavits which were admitted in evidence, and hence their admission could not probably have injured defendant; and for the further reason that the evidence outside of the affidavits establishing the forgery was undisputed.

According to the evidence and according to the statements in the fourth assignment, defendant received the money paid by Simpson & Co. to Chapman, defendant's agent at Eagle Pass, and this being so, the authority of such agent to transfer the draft and indorse the same can not be made an issue, and such fourth assignment is not well taken.

The testimony is also undisputed in this, that the forgery was not discovered by Kopp until September, 1896, and did not become known to the other interested parties until after this. The question of reasonable diligence in discovering the same does not enter into the case, so far as

plaintiff and defendant are concerned. Simpson & Co. and its successor in business were not under any duty to defendant to make any inquiry concerning the status of the indorsements preceding that of defendants, as defendant was a guarantor of their validity. The evidence is clear as to the date at which plaintiff acquired knowledge of the forgery, and two years had not elapsed thereafter when the action was commenced. There is therefore no merit in the seventh, ninth, and tenth assignments.

Appellee confesses error in the judgment in computing interest from September 26, 1896, instead of from February 26, 1897, when plaintiffs paid the money to its correspondent in New York. In this respect the judgment will be reformed, and in all others affirmed.

*Affirmed.*